

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GROVER SELLERS

ATTORNEY GENERAL

Honorable Frank B. Lloyd
District Attorney
79th Judicial District of Texas
Alice, Texas

Dear Mr. Lloyd:

Opinion No. 0-5992

Re: Statutory method for detaching
territory from Independent
School Districts (Article 2742f).

Your recent letter concerning the Alice Independent School District
submits the following inquiry:

"The Alice Independent School District does not come under
the jurisdiction of the County Board of Trustees for the
reason it has more than 500 scholastics. The Alfred Inde-
pendent School District and also the Armagosa Common School
District are under the jurisdiction of the County Board

"It has been preposed to cut off a part of the Alice
Independent School District and attach the same to the
Alfred Independent School District, and cut off another
portion of the Alice Independent School District and attach
it to the Armagosa Common School District. I have checked
the statutes and the decisions of the Courts and have
been unable to satisfy myself as to the procedure.

"I have a copy of your opinion No. 0-4238 which is an in-
terpretation of Articles No. 2742e and 2742f. By reason of
the holding of the Supreme Court in the County School
Trustees of Orange County case that Articles No. 2742e and
2742f must be construed together, it seems doubtful that
the County Board of Trustees will have jurisdiction to detach
the property from the Alice Independent School District as
above proposed.

"I have examined Article No. 2766 of the Revised Civil
Statutes and this does not seem to apply, expecially by
reason of the fact that the last sentence of that Article
prohibits any change that would reduce the taxable value
of property in any independent district against which there
are outstanding bonds issued. The Alice Independent School
District, of course, has outstanding bonds.

"I wish you would advise me if in your opinion there is a statutory method for detaching the property from the Alice Independent School District as above suggested.

Section 1 and 2 of Article 2742f, Vernon's Civil Statutes, (Chapter 47, Acts 1st C. S. of 41st Legislature) provide:

"Section 1. In each county of this State the County Board of Trustees shall have the authority, when duly petitioned as herein provided, to detach from and annex to any school district territory contiguous to the common boundary line of the two districts; provided the Board of Trustees of the district to which the annexation is to be made approves, by majority vote, the proposed transfer of territory and provided, further, that where the territory to be detached exceeds ten per cent (10%) of the entire district the petition must be signed by a majority of the trustees of said district in addition to a majority of the qualified voters of the territory to be detached. The petition shall give the metes and bounds of the territory to be detached from the one and added to the other district and must be signed by a majority of the qualified voters residing in the said territory so detached. Upon receipt of the said petition, duly signed, and upon notice of the approval of the proposed annexation by the Board of Trustees of the district to which the territory is to be added, the County Board of Trustees shall pass an order transferring the said territory and redefining the boundaries of the districts affected by said transfer, the said order to be recorded in the Minutes of the County Board of Trustees. Provided that no school district shall be reduced to an area of less than nine square miles.

"* * * *

"Section 2. Any outstanding indebtedness affected by changes in the boundaries of school districts shall be adjusted by the County Board of Trustees as provided in Sections 10, 11 and 12, of Chapter 84, Acts of the 40th Legislature, First Called Session. Acts 1929, 41st Leg., 1st C. S., p. 106, Ch. 47."

The quoted statute applies to the detachment of territory from independent school districts, with or without bonded indebtedness, in the same measure as it is applicable to common school districts. Prosper Independent School District, et al., vs. Collin County School Trustees, et al., (Tex. Civ. App.) 51 S. W. (2d) 748 (affd., 58 S. W. (2d) 5).

In view of the invalidity of the Act which attempted to repeal the statute above quoted, Article 2742f, supra, is still the effective Legislation upon the subject matter contained in its provisions. School Trustees of Orange County vs. District Trustees of Prairie View, C. S. D. No. 8, 137, Tex. 125, 153 S. W. (2d) 434.

Very truly yours

ATTORNEY GENERAL OF TEXAS

s/  Gaynor Kendall


By
Gaynor Kendall
Assistant

GK:bb/ldw

APPROVED
OPINION
COMMITTEE
BY O. S.
CHAIRMAN

APPROVED MAY 29, 1944
s/ George P. Blackburn
ACTING ATTORNEY GENERAL OF TEXAS